MANNING and others *vs.* MERRITT and others.

A judgment creditor must exhaust his remedy at law before he can file a creditor's bill in Chancery for the collection of his judgment.

An execution at law upon a judgment docketed January 12, directing a levy upon the real estate, of which the defendants were seized on the 13th of January, in the same year, is not an execution which exhausts the plaintiff's remedy at law, and a creditor's bill will not be sustained upon the return of such an execution unsatisfied.

When the statute points out a remedy and a mode of proceeding to attain it, an objection may be taken in any stage of the cause, that the statutory provisions have not been complied with.

*J. L. Curtenius,* for complainants.

*J. M. Smith,* jr. for defendants.

THE VICE CHANCELLOR. The bill in this case sets forth that the complainants' judgments were docketed Jan. 12, 1838, and that the executions issued upon such judgments directed the sheriff to levy the amount of the real estate of which the defendants were seized, on the 13th of January, 1838, or at any time thereafter, in whosesoever hands the same might be. It will be observed that the directions in the execution as to the levy upon real estate do not go back to the day of docketing the judgments, by one day ; and it is insisted by the defendants, that upon such a state of facts the complainants cannot proceed by a creditor's bill, as they do not shew that they had exhausted their remedy at law, as there might have been real estate subject to the operation of the judgment, which is not required to be sold by the execution. The defendants have not demurred, but have answered, and gone to a hearing upon the

proofs. They have, by a general clause at the end of their answers, however, asked the same benefit as if they had demurred. But this general clause does not point out the specific defect; and I have held in cases heretofore decided by me, that such indication of a specific defect was necessary in an answer, before it could stand in place of a demurrer or plea. The clause in these answers I consider entirely too general to have the force and effect of a plea or demurrer; and if the objection here merely went to the jurisdiction of the court on account of want of equity in the bill, I should hold that the defendants, by answering and coming to a hearing upon the proofs, had waived the objection, and to that effect is many of the cases. But if the remedy which the complainants have chosen to pursue here is one pointed out by the statute and given by it, they must follow the directions of the statute in their proceedings, or any failure in complying with the directions of the statute may be taken advantage of in any stage of the cause.

Previous to the adoption of the Revised Statutes, a plaintiff at law who had exhausted his remedy at law for the collection of a judgment debt, might file his bill in this court to obtain possession of the equitable assets or choses in action, of the defendant at law. Before he could file his bill, however, it was necessary for him to show affirmatively that he had exhausted his remedy at law—that he had done all, by means of his judgment and execution, which the power of a court of law would authorise him to do. The revisors of the statutes found these principles settled as an established rule of courts of equity, and in consequence, Sec. 38 and 39, Act 2, Title 2,

Oct. 1839.

Manning and
others
v.
Merritt and
others.

Chap. 1, part 3, Revised Statutes was adopted. (2 Rev. Stat. 1 Ed. p. 173-4.)

Section 38 lays down the rule for the collection of judgments at law in Chancery, and is in these words : "Whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied in whole or in part, the party suing out such execution may file a bill," &c.

There is no part of this article which declares in so many words, that the party suing out an execution shall first exhaust his remedy at law before he can file a bill, but it is apparent that the execution issued, the return of which is to authorise the plaintiff to proceed in Chancery, must be such an execution as is authorised or required by the statutes in relation to such process. By 2 Rev. Statutes, 1 edition, Sec. 24, page 367, it is provided that executions to authorise the sale of real estate shall command the officer to whom they are directed to cause the amount of the judgment to be made of the real estate of the person against whom the judgment was rendered, which such person shall have had at the time of docketing the judgment, *specifying such time,* or at any time afterwards in whose hands soever the same may be. Here is a direction as to what shall be inserted in the execution. This direction was not followed in the issuing of the execution in this cause, and it seems to me that such an execution is contemplated to be issued and returned before a bill can be filed in this court. Would it have been sufficient to have issued one execution against a debtor's personal property alone, to pave the way for filing a bill ? I think, under the spirit of the statute, it will

be conceded not. If before he files a bill, it is necessary for the plaintiff to issue an execution against the defendant's real estate, he must issue it in conformity with the statute. In this case the difference of time is but small, but the principle is the same, whether the difference of time is one day or five years. The statute seems to contemplate that the plaintiff shall issue such an execution as he is authorised by law to have, and that it shall have as full scope as the law will give it, and that such an act is a necessary preliminary step to the filing of a creditor's bill, and so intended by the act authorising the filing of such bills. If this is the case, the complainants are irregular in filing their bill, and the defect may be taken advantage of in any stage of the proceedings.

Deeming such to be the true inference from the statutes, I shall not examine the other questions, but dismiss the bill as to all the defendants who have answered.